IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **UNM RAINFOREST INNOVATIONS,**<br>**Plaintiff,**<br><br>v.<br><br>**ZYXEL COMMUNICATIONS CORPORATION,**<br>**Defendant.** | 6:20-CV-00522-ADA |

### ORDER GRANTING PLAINTIFF'S MOTION TO LIFT STAY

Before the Court is Plaintiff UNM Rainforest Innovations' ("UNMRI" or "Plaintiff") Opposed Motion to Lift Stay filed on November 1, 2022. ECF No. 93. Defendant ZyXEL Communications Corporation ("ZyXEL" or "Defendant") filed a response to UNMRI's Motion on November 8, 2022. ECF No. 94. UNMRI filed a reply on November 15, 2022. ECF No. 95. The Court held a hearing on this Motion on December 6, 2022. ECF No. 100. The Court granted the Motion. This order memorializes the Court's ruling.

### I. BACKGROUND

Plaintiff UNMRI maintains the present case and three related cases before this Court: *UNM Rainforest Innovations v. TP-Link Techs. Co., Ltd.*, No. 6:19-CV-00262-ADA (W.D. Tex.); *UNM Rainforest Innovations v. ASUSTeK Comput., Inc.*, No. 6:20-CV-00142-ADA (W.D. Tex.); and *UNM Rainforest Innovations v. D-Link Corp.*, No. 6:20-CV-00143-ADA (W.D. Tex.). In each case, UNMRI alleges infringement of U.S. Patent Nos. 8,249,204 (the "'204 Patent"), 8,565,326 (the "'326 Patent"), and 8,265,096 (the "'096 Patent"). ECF No. 1.

The Court first stayed the present action on July 28, 2021, pending resolution of *UNM Rainforest Innovations v. Industrial Technology Rsch. Inst., et al.*, No. D-2020-CV-2021-02803 (N.M. Dist. Ct.) (the "New Mexico Action"). ECF No. 93 at 3. The New Mexico Action has since been dismissed without resolution of the patent ownership issue. *Id.* at 3. The Court continued the stay on June 27, 2022, pending resolution of *inter partes* review ("IPR") proceedings before the Patent Trial and Appeal Board ("PTAB"). ECF No. 81.

The Patent Trial and Appeal Board ("PTAB") instituted IPR of claims 1–4 and 6–8 of the '096 Patent. ECF No. 93 at 3. The PTAB issued a Final Written Decision on July 15, 2022, finding only claim 8 to be patentable. *Id.* Petitioner filed a Notice of Appeal to the Federal Circuit on September 12, 2022, challenging the patentability of claim 8, and UNMRI filed a Notice of Cross-Appeal on September 16, 2022. *Id.* The PTAB allowed substitute claims 44–47, 49, and 50 of the '096 Patent. *Id.* The Patent and Trademark Office ("PTO") will not issue a certificate on the substitute claims until the Federal Circuit appeal has terminated. 37 C.F.R. § 42.80.

The PTAB instituted IPR of claims 1, 2, and 11–13 of the '204 Patent. ECF No. 93 at 3−4. The PTAB issued a Final Written Decision on July 15, 2022, finding each asserted claim unpatentable. *Id.* The PTAB instituted IPR of claims 1–5 of the '326 Patent. *Id.* at 4. The PTAB issued a Final Written Decision on August 15, 2022, finding each claim unpatentable. *Id.* The PTAB allowed substitute claims 6, 7, 9, and 10, but denied substitute claim 8. *Id.* The PTO will not issue a certificate on the substitute claims until after "the time for appeal has expired or any appeal has been terminated" with respect to the IPR decision. 37 C.F.R. § 42.80.

Of all asserted claims, the PTAB found only claim 8 of the '096 Patent patentable. ECF No. 93 at 4. UNMRI intends to reduce its infringement contentions to the sole surviving claim. *Id.*

UNMRI requests that the Court allow it to add substitute claims once the PTO issues its certificates. *Id.*

## II. LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "In particular, the question whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion." *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 WL 11706231, at *1 (W.D. Tex. May 30, 2019) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426−27 (Fed. Cir. 1988)). However, stays are justified if "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Videoshare, LLC v. Meta Platforms Inc.*, No. 6:21-CV-00254-ADA, 2022 WL 3142622, at *1 (W.D. Tex. Aug. 5, 2022) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)); *see also Evolutionary Intel., LLC v. Millennial Media, Inc.*, No. 5:13-CV-04206-EJD, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014). Nevertheless, "there is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *Realtime Data, L.L.C. v. Rackspace US, Inc.*, No. 6:16-CV-00961-RWS-JDL, 2017 WL 772654, at *2 (E.D. Tex. Feb. 27, 2017) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

"District courts typically consider three factors when determining whether to stay a case pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage,

including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (citations omitted); *see also CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81-DF, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

### III. DISCUSSION

In this case, the Court considers two issues (1) whether the Court should lift the stay because the New Mexico Action has been dismissed and (2) whether the Court should lift the stay because the PTAB has issued final written decisions for the three IPR proceedings challenging the asserted patents. Each is discussed in more detail below.

#### A. The New Mexico Action

UNMRI argues that the stay should be lifted because the New Mexico Action has been dismissed. ECF No. 93 at 4−5. UNMRI argues that "[t]o the extend that any dispute regarding standing and/or ownership remains, it is appropriately adjudicated by this Court." *Id.* at 5. ZyXEL argues that the foundational issue of patent ownership still needs to be resolved. ECF No. 94 at 8. ZyXEL further argues that the only court that has adjudicated the ownership issue is a Taiwanese court that adjudicated the issue with respect to Industrial Technology Research Institute's ("ITRI") ownership of the Taiwanese patents. *Id.* at 9. ZyXEL argues that the Court should stay the proceedings pending resolution of an appeal in the case in Taiwan. *Id.* at 10. In its reply, UNMRI argues that there is no justification for continuing the stay pending the Taiwanese litigation because no court in Taiwan possesses jurisdiction over UNMRI. ECF No. 95 at 4.

The Court agrees with UNMRI that the New Mexico Action no longer warrants staying this case. The New Mexico Action has been resolved. The Court also believes that the stay should not continue because of the Taiwanese litigation. The Taiwanese case involves the original patentee, ITRI, not UNMRI. Thus, while issues before the Taiwanese court may touch on the patent ownership issue, the Taiwanese court will not resolve the issue of whether UNMRI owns the asserted patents. Thus, a stay pending the appeal in the Taiwanese litigation would not simplify the issues before this Court.

If ZyXEL seeks to renew its challenge to UNMRI's standing in this case, the Court is willing to consider a motion for reconsideration of the Court's order denying ZyXEL's Motion to Dismiss for Lack of Standing.

**B.     The IPR Proceedings**

For stays pending IPR proceedings, the Court considers three factors when considering motions to grant or lift a stay: (A) whether the stay will unduly prejudice the party opposing the stay; (B) whether the proceedings before the Court are at an advanced stage; and (C) whether the stay will likely result in simplifying the case before the Court. *NFC Tech.*, 2015 WL 1069111, at *2.

    1. <u>Undue Prejudice to Plaintiff</u>

Continuing the stay would unduly prejudice UNMRI for at least two reasons. First, a stay risks the "loss of evidence as witnesses become unavailable and memories fade." *Allvoice Devs. US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010). Second, "[a] patent holder has an interest in the timely enforcement of its patent right," even when the patent owner has only sought monetary relief. *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015) (quoting *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG,

5

2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014)). However, a plaintiff seeking only monetary relief can diminish this prejudice. *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("[M]ere delay in collecting [monetary] damages does not constitute *undue* prejudice") (emphasis added). "[W]hen granting a stay pending resolution of another case, the court must consider the time expected for resolution of that case. The resultant stay must not be of immoderate or indefinite duration." *Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*, No. 6-20-CV-00200-ADA, 2021 WL 1298932, at *1 (W.D. Tex. Apr. 7, 2021) (quoting *Clark v. Southwest Airlines Co.*, No. 1:16-CV-190-RP, 2017 WL 1435762, at *2 (W.D. Tex. Apr. 21, 2017)).

A stay may prejudice UNMRI by causing a loss of evidence as witnesses become unavailable and their memories fade. *Allvoice Devs. US, LLC*, 2010 WL 11469800, at *4. In this case, the PTAB's finding of patentability on claim 8 of the '096 Patent is on appeal at the Federal Circuit. ECF No. 93 at 3. Once the Federal Circuit has ruled on the appeal, the PTO will issue the certificates on the substitute claims submitted for the '096 Patent and '326 Patent. *Id.* at 3−4; 37 C.F.R. § 42.80 (stating that the PTO will issue a certificate on the substitute claims once "the time for appeal has expired or any appeal has terminated"). The Federal Circuit appeal "will take at least a year." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2020 WL 6270776, at *7 (D. Del. Oct. 26, 2020) (lifting a stay pending Federal Circuit appeal). In that time frame, documentary and testimonial evidence may be lost. *Allvoice Devs. US, LLC*, 2010 WL 11469800, at *4.

Furthermore, UNMRI has an "interest in the timely enforcement of its patent right." *MiMedx Group, Inc.*, 2015 WL 11573771, at *2. The Federal Circuit has long held that "[r]ecognition must be given to the strong public policy favoring expeditious resolution of

litigation." *Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989); *see also United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008) ("[T]he compensation and remedy due a civil plaintiff should not be delayed.") (quoting *Gordon v. FDIC*, 427 F.2d 578, 580 (D.C. Cir. 1970)). Because UNMRI only seeks monetary relief, the prejudice it faces if the case is stayed is diminished. *Crossroads Systems, Inc.*, 2015 WL 3773014, at *2. But if the Court were to grant the stay, the Federal Circuit may ultimately affirm the PTAB's findings, unnecessarily delaying the case and prejudicing UNMRI. Given the approximate length of the Federal Circuit appeal, this factor weighs in favor of lifting the stay.

### 2. Stage of the Proceedings

When "[l]ittle-to-no judicial resources have been expended," this factor favors continuing the stay. *Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Tex., Inc.*, No. 6:21-CV-00302-ADA, 2022 WL 2078030, at *3 (W.D. Tex. June 8, 2022). Courts consider "whether the litigation has reached an advanced stage, including whether discovery is complete and a trial date has been set." *Id.* at *2. Here, the case has not reached its *Markman* hearing. Given the early stage of this case, this factor favors continuing the stay. *See Xylon Licensing LLC*, 2022 WL 2078030, at *3 (finding this factor favors a stay before a *Markman* hearing).

### 3. Simplification of Issues

"[T]he most important factor bearing on whether to grant a stay . . . is the prospect that the inter partes review proceeding will result in simplification of the issues." *NFC Tech.*, 2015 WL 1069111, at *4. Under this factor, the Court will typically weigh "the scope of estoppel the movant is bound by; and the strength of the relevant IPR petition in the context of the asserted claims." *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-CV-00168-ADA, 2022 WL 2307475, at *3 (W.D. Tex. June 27, 2022).

The Court finds this factor weighs in favor of lifting the stay. First, the Federal Circuit appeal will likely not materially change the claims that will be at issue at trial. Second, upon a favorable finding by the Federal Circuit or the PTAB's IPR rehearing, the Plaintiff may seek leave to add additional claims to this case. But, adding claims will require permission from the Court—which it may or may not grant.

          a)      *Strength of the IPR Appeal*

Currently, the validity of claim 8 in the '096 Patent is on appeal before the Federal Circuit. ECF No. 93 at 3. Plaintiff argues that it is highly unlikely that the Federal Circuit's decision will simplify the issues at trial in this case. ECF No. 93 at 6−7. Defendant argues that this Court should continue to stay its proceedings because the Federal Circuit could eliminate all asserted claims in this case. ECF. No. 94 at 6−7.

The Court finds that the Federal Circuit appeal will likely not simplify the issues before this Court. "[T]he Court believes that allowing this case to proceed to completion will provide a more complete resolution of the issues including infringement, all potential grounds of invalidity, and damages." *Kerr Mach. Co.*, 2021 WL 1298932, at *1 (denying a stay pending the PTAB's Post-Grant-Review). In *IOENGINE*, the court found that "the case law concerning motions to extend stays pending Federal Circuit review of a PTAB decision in an IPR proceeding substantially favors lifting the stay." *IOENGINE, LLC*, 2020 WL 6270776, at *4–5 (quoting *Dermafocus LLC v. Ulthera, Inc.*, No. 15-654, No. 15-654, 2018 WL 5113960, at *2 (D. Del. Oct. 19, 2019)) (stating that "the mere *possibility* . . . that the asserted claims could be invalidated [after an] appeal and [that this would] result in simplification is too speculative to be given much weight."). It is speculative whether the Federal Circuit's decision will simplify the issues in this case because records show that the Federal Circuit issues a "full affirmance in more than 75% of appeals from

the PTAB." *Id.* at *3; *The Compendium of Federal Circuit Decisions*, U. IOWA (last visited Feb. 28, 2023), https://fedcircuit.shinyapps.io/federalcompendium/. The speculative strength of the IPR appeal weighs against granting a stay.

### b) *Substitute Claims*

Plaintiff stated that it intended to reduce its infringement contentions to the sole surviving claim—claim 8 of the '096 Patent. ECF No. 93 at 4. However, Plaintiff requests that the Court allow it to add claims once the PTO issues its certificates on the substitute claims. *Id.* Once the Federal Circuit appeal has terminated, the PTO will issue its certificates on substitute claims 44–47, 49, and 50 of the '096 Patent and claims 6, 7, 9, and 10 of the '326 Patent. *Id.* at 3−4. Defendant argues that a stay will preserve resources by allowing the Court to go to trial on all the claims that the Plaintiff will assert. ECF No. 94 at 6. Plaintiff responds that the Court's scheduling order will impose a deadline for adding additional claims. ECF No. 95 at 3.

The Court finds that the possibility of substitute claims does not weigh against nor in favor of lifting the stay. While the PTO may issue certificates for the substitute claims at a later date, the *Standing Order Governing Procedures (OGP) 4.2—Patent Cases* states that "[a]ny amendment to add patent claims requires leave of court." OGP v. 4.2 at 12 n.12. The Court will consider the permissibility of substitute claims if, at some future date, the Plaintiff moves to add substitute claims. "Some of the claims may change in this case, but the Court is of the opinion that the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold." *Soverain Software LLC*, 356 F. Supp. 2d at 663 (denying a motion to stay pending the PTO's *ex parte* reexamination). At first glance, the possibility of additional claims may seem to warrant a stay, but this is an uncertain outcome that depends on the Federal Circuit appeal and the Court's willingness to allow additional claims.

9

In short, the Federal Circuit will likely affirm the PTAB's finding, creating no simplification of issues for this Court. However, it is possible that the Federal Circuit declares claim 8 of the '096 Patent invalid, eliminating the sole surviving claim and simplifying the issues before this Court. After the Federal Circuit renders its decision, the PTAB will issue its certificates on the substitute claims in the '096 Patent and '326 Patent. Staying proceedings before the PTO issues its certificates could possibly simplify the issues in front of this Court. However, even if the PTO issues certificates for the substitute claims, this Court must grant the Plaintiff leave to bring additional claims. Thus, because the Federal Circuit appeal is unlikely to simplify the issues in this case, the Court finds that this factor weighs in favor of lifting the stay.

### IV. CONCLUSION

Because the New Mexico Action has been dismissed, it no longer warrants a stay in this case. With respect to the pending IPR appeal, one factor, the stage of the proceedings, weighs against lifting the stay. Two factors, undue prejudice to UNMRI and the simplification of the issues, weigh in favor of lifting the stay. This Court decides this motion on the importance of the relevant factors and its judicial discretion. *See Multimedia Content Mgmt. LLC*, 2019 WL 11706231, at *1. Because two of the factors weigh in favor of lifting the stay, the Court **GRANTS** Plaintiff's Motion to Lift the Stay.

**SIGNED** this 29th day of March, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE